**UNITED STATES FEDERAL COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **SHELBY ANN ANDERS,** | * | **CIVIL DOCKET NO.:** |
| **Plaintiff,** | * | |
| | * | |
| **VERSUS** | * | |
| | * | **MAGISTRATE:** |
| **THE TOWN OF FRANKLINTON, ITS** | * | |
| **AGENCY THE FRANKLINTON** | * | |
| **POLICE DEPARTMENT AND JUSTIN** | * | |
| **BROWN, BOTH IN HIS INDIVIDUAL AND** | * | **JUDGE:** |
| **OFFICIAL CAPACITIES, AND OFFICERS** | * | |
| **JOHN DOES, IN THEIR INDIVIDUAL** | * | |
| **AND OFFICIAL CAPACITIES.** | * | **JURY TRIAL DEMAND** |
| **Defendants.** | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PETITION FOR DAMAGES

The Franklinton Police Department ("FPD")'s sole responsibility is to protect the safety of Franklinton's residents, visitors, and the like by enforcing the law. Shelby Ann Anders ("Mrs. Anders" or "Plaintiff") is a longtime resident of Franklinton, LA.  A native of the area, Mrs. Anders is quite familiar with the patterns and actions of the FPD towards residents of color. To her regret, she is no stranger to the practice of aggressive, unjustified harassment of African-Americans in the city of Franklinton, including the extended detention and arrest of African-Americans without probable cause and the use of excessive and unjustified force against them. This civil action seeks redress for injuries, which Anders suffered when, and immediately after, the Defendants chose to violate the law, rather than enforce it.

At her age, Mrs. Anders would never have imagined that she would find herself standing in front of a judge, wearing a jail jumpsuit. Rather than utilize their power and policies to provide assistance and protection to Franklinton residents, the FPD's unconstitutional and racially-driven policies, practices, and customs achieve precisely the opposite, endangering and injuring individuals, to include Mrs. Anders.

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, SHELBY ANN ANDERS, alleging causes of actions for civil rights violations, assault and battery, negligence, false arrest, false imprisonment, and intentional infliction of emotional distress, who respectfully represents, upon information and belief, as follows:

### I.    JURISDICTION

1.      Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, and 42 U.S.C.§§ 1983, 1985, 1986, and 1988. This action is further instituted pursuant to the Fourth, Fifth, Eighth, Ninth and Fourteenth Amendments to the United States Constitution.

2.      Supplemental jurisdiction is invoked as to matters cognizable under the Constitution and State laws of the State of Louisiana, particularly, but not exclusively, to Louisiana Civil Code Articles 2315 and 2316.

### II. PARTIES

**Plaintiff:**

3.      SHELBY ANN ANDERS is a person of the full age of majority and a citizen of the United States of America, residing in Washington Parish, State of Louisiana.

**Defendants:**

Made defendants herein are:

4.      TOWN OF FRANKLINTON, a Louisiana municipal corporation located in Washington Parish, within the Eastern District of Louisiana, and organized under the laws of the State of Louisiana. Created and existing by statute, Defendant operates pursuant to a City Charter authorizing it to appoint, employ, and train police officers to carry out all of the functions of the Franklinton Police Department.

5.     The elected officials for the Town of Franklinton include a mayor and five-member Board of Alderman, collectively the "City Council" as referenced by Franklinton's Code of Ordinances.

6.     JUSTIN BROWN, an individual over the age of majority and a resident of Franklinton, State of Louisiana, in his official capacity and personally. He is the Chief of Police of the FPD, and as such, was responsible for the supervision, administration, policies, practices, customs, operations, training, staff, and operation of the FPD. He was and is the final policymaker, and at all pertinent times acting under color of state law and in the course and scope of his employment. He is liable both directly and vicariously for the actions complained of herein.

7.     OFFICER JOHN DOE 1, an individual over the age of majority and a resident of Franklinton, State of Louisiana, in his individual capacity. At all pertinent times described herein, he was employed as a law enforcement officer of the FPD and was acting under color of state law and in the course and scope of his employment. He is directly liable for the actions complained of herein.

8.     OFFICER JOHN DOE 2, an individual over the age of majority and a resident of Franklinton, State of Louisiana, in his individual capacity. At all pertinent times described herein, he was employed as a law enforcement officer of the FPD and was acting under color of state law and in the course and scope of his employment. He is directly liable for the actions complained of herein.

9.     Plaintiff reserves the right to amend this Petition with the true and accurate identification of the arresting officers once disclosed.

## II.    FACTUAL ALLEGATIONS AND ARGUMENT

10.    Mrs. Anders has routinely experienced hostility, harassment, and refusal to assist from the FPD. She has caused to be created no less than ten police reports regarding incidents where her safety and the safety of her family members has been threatened. Although the FPD are obligated to protect and serve all town citizens, Mrs. Anders has never received the relief that she requested. More often, she is punished, penalized, or ignored for her frequent cries for help.

11.    On May 1, 2024, Mrs. Anders was within the town limits of Franklinton, LA retrieving an estimate on getting a fence repaired. After parking her vehicle to inspect the fence, she noticed two Caucasian women parking a vehicle behind her truck. After repeatedly asking the individuals to move to allow Mrs. Anders to exit, they refused to do so, stating that they were "going to say she tried to hit us". Mrs. Anders had no choice but to call her husband, who showed at the location and also requested that they move their vehicle. His requests still fell on deaf ears and the FPD was called to the scene.

12.    Upon arriving to the scene, the officers first approached the two individuals and proceeded to take their statements, against Mrs. Anders' pleas for them to hear her out. Instead, the officers only questioned Mrs. Anders on whether or not she had video or audio footage of the incident. Both officers were notably aggressive and refusing to directly interact with Mrs. Anders nor her husband. When Mrs. Anders confirmed that she did not have any footage of the incident, she was immediately handcuffed and placed in the police car, which caused her extreme public humiliation.

13.    The officers then proceeded back to the other individuals for more information. Mrs. Anders was subsequently charged with Attempted Murder and Obstruction. She was detained at the Washington Parish Jail, unable to be bonded out for three (3) days. Mrs. Anders was

subjected to extreme unsafe and unsanitary conditions at the Jail during this time. The criminal charges are still pending at this time awaiting a trial on the merits.

14. This arrest was listed publicly, easily accessed by an internet search for Mrs. Anders' name. The wrongful arrest and public mischaracterization of the arrest continue to be points of distress for her.

15. The police were told that Mrs. Anders attempted to run the individuals over, although her truck did not move, nor was there damage to either vehicle. The officers failed to investigate, take relevant statements from Mr. or Mrs. Anders who were both present on the scene, or assess for any other bystanders or witnesses.

16. At all times, Mrs. Anders fully complied with the exact instructions given to her by the FPD officers and never engaged in behavior that could be interpreted as resisting proper legal commands nor did she engage in verbal arguments or disagreements with either officer.

17. Absent the allegations by the two individuals, there was no probable cause to arrest Mrs. Anders, nor did the officers seek to establish any. At no point did Mrs. Anders engage in any conduct, make any statements, or otherwise provoke the aggressive, violent, excessively forceful behavior from the officers. **Nevertheless, both officers used unconstitutional force and restraint to stop and detain Mrs. Anders and the dash-cam and bodycam videos of the event shall reflect the same.**

18. The actions described above were committed by various officers of the Franklinton Police Department. By virtue, these officers were acting under the color and pretense of the statutes, ordinances, regulations, customs, and usages of the State of Louisiana, specifically the Franklinton Police Department and police chief, Justin Brown. Through these acts and/or

omissions, defendants herein violated 42 U.S.C. §§ 1983, 1985, and 1986, as well as the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

19. **The effects of FPD's unconstitutional conduct extended for months after her arrest and detainment.** Mrs. Anders suffered physical injuries to her wrists; continues to suffer from post-traumatic stress and strain, chronic anxiety and headaches for which Mrs. Anders has incurred expenses. Plaintiff continues to combat the psychological damages from her unwarranted incarceration and seeks damages for past and future medical expenses, past and future lost earnings, wages, reduced earning capacity; past and future physical and mental pain and suffering, loss of enjoyment of life, emotional anguish and distress. Mrs. Anders seeks damages that are reasonable in the premises, sufficient to invoke the jurisdiction of this Court.

20. **The FPD has engaged in a pattern and practice of unconstitutional behaviors, stops, and arrests based on race.** The FPD Officers' hostile, aggressive approach and refusal to assist Mrs. Anders is consistent with this pattern and practice under the direction and supervision of Defendant Justin Brown. This is the second occurrence of Mrs. Anders being wrongfully and warrantlessly arrested by this agency. The prior arrest occurred on September 4, 2020.

21. Mrs. Anders has personally encountered the same or similar behavior from this agency during prior interactions with the FPD on at least the following dates, generating a multitude of incident reports since 2018: September 24, 2018, June 17, 2019, June 18, 2019, June 19, 2019, October 27, 2019, June 24, 2020, September 27, 2020, June 18, 2023, June 21, 2023, and June 27, 2023.

22. With the FPD's refusal to assist or protect Mrs. Anders, she has subsequently reached out to local and national agencies such as the National Association for the Advancement of Colored People to launch a formal complaint for assistance against the FPD.

23.     Defendants are additionally liable to Plaintiff pursuant to Louisiana law, including, but not limited to the Louisiana Civil Code Articles 2315 and 2316, through the commission of negligence, assault, battery, and the negligent and intentional infliction of emotional distress, defamation and slander.

24.     On information and belief, though the officers involved in this incident were under the direct command of Defendant Justin Brown, he never took an action to investigate, discipline, or remove any of the involved troopers from assignments related to patrolling areas in the Town of Franklinton.

25.     Specifically, the officers whose identities are unknown to the Plaintiff at this time, committed the following non-exclusive list of negligent, intentional, and otherwise culpable acts:

a) Engaging in conduct which violated, and otherwise exhibited a reckless and callous disregard to Plaintiff's legally protected constitutional and statutory rights;

b) Using brutal and unnecessary force and restraint in a situation under circumstances not requiring such force and/or restraint;

c) Conspiring to cause and, in fact, causing an assault and battery to be made on Plaintiff;

d) Effecting a harmful, false, and warrantless arrest when probable cause for the arrest was lacking or absent;

e) Effecting a false imprisonment and causing Plaintiff to suffer significant injury (physical, emotional, and/or financial);

f) Exhibiting a deliberate indifference to Plaintiff's medical needs and pre-existing medical conditions;

g) Conspiring to and, in fact, covering up the facts and circumstances surrounding the false arrest and false imprisonment of Plaintiff;

h) Negligently or intentionally causing Plaintiff to be publicly humiliated without cause or justification; and

i) Failing to prevent the harmful, false and warrantless arrest and false imprisonment of Plaintiff within the meaning of 42 U.S.C. Section 1986.

26.   Defendant Justin Brown:

a) Did then, and presently still, have a custom, policy, practice, and procedure of negligently and inadequately hiring, training, testing, supervising, and retaining deputies;

b) Were negligent in their failure to adequately train, supervise, and discipline their deputies;

c) Condoned, ratified, approved and/or otherwise acquiesced in the false and warrantless arrest, and false imprisonment of the Plaintiff;

d) Conspired to and did, in fact, cover up the facts and circumstances that surrounded the false and warrantless arrest of Plaintiff;

e) Are liable for the actions of Defendants and/or deputies under the principle of *respondeat superior;*

f) Failed to prevent the false and warrantless arrest of Plaintiff within the meaning of 42 U.S.C. Section 1986; and

g) Had notice of a pattern of unconstitutional acts committed by subordinates, demonstrated deliberate indifference and failed to take remedial action.

27.   As a direct and proximate result of the Defendants' intentional, reckless and negligent conduct described above, Plaintiff Shelby Anders sustained the following damages: deprivation of rights guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United

States Constitution as well as 42 U.S.C. §§ 1983 and 1985, punitive damages, personal injuries, pain and suffering, injury to reputation and public embarrassment, humiliation and emotional distress, as well as attorney fees associated with filing the instant case.

28.    Plaintiff believes and therefore, alleges that the same police officers have been guilty of other acts of brutality, and have been active participants in the deprivation of rights to other persons under the color of law, by working for Defendant Justin Brown and the Franklinton Police Department knew and/or should have known that a pattern of such deprivation of rights had occurred and should have taken steps to restrain, discipline and/or discharge the defendant officers, whose names are unknown to the Plaintiff.

**WHEREFORE,** Plaintiff Shelby Ann Anders, requests that this Petition for Damages be filed and that the Defendants be duly cited and served with a copy of this Petition and that, after all legal delays by law have elapsed and due proceedings had, there be judgment herein in favor of Ann Anders and against all Defendants for such sums as will be proven at the trial of this matter, including, but not limited to, compensatory damages, punitive damages, reasonable attorney's fees, court costs, pre- and post-judgment interest and for all general and equitable relief to which she is entitled.

Respectfully submitted:

CHEHARDY, SHERMAN, WILLIAMS,
RECILE & HAYES, LLP

_____
JAMES M. WILLIAMS, BAR NO. 26141
INEMESIT U. O'BOYLE, BAR NO.30007
ERIN RIGSBY HAWKINS, BAR NO. 37374
ASHLEY JOHNSON-ALFORD, BAR NO. 39740
One Galleria Boulevard, Suite 1100
Metairie, Louisiana 70001
Telephone: (504) 833-5600

Facsimile: (504) 833-8080
james@thetrialteam.com
inem@thetrialteam.com
erin@thetrialteam.com
ashley@thetrialteam.com
COUNSEL FOR PLAINTIFF

**PLEASE SERVE:**

Chief Justin D. Brown,
Chief of Police
409 11th Ave.
Franklinton, LA 70438
(985) 839-4474

Mayor Darwin Sharp
Franklinton Town Hall
Franklinton Mayor's Office
301 11th Avenue
Franklinton, LA 70438
985-839-3569